**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| T. WILLIAM MCINTYRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:10cv335 |
| | § | |
| NEW CENTURY MORTGAGE | § | |
| CORPORATION, et al. | § | |
| Defendants. | § | |

## ORDER AND REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Carrington and Deutsche Bank's Second Motion for Summary Judgment (Dkt. 59) and Plaintiff T. William McIntyre's Motion for Summary Judgment (Dkt. 69). As set forth below, the Court finds that Carrington and Deutsche Bank's Second Motion for Summary Judgment (Dkt 59) should be GRANTED, that Plaintiff T. William McIntyre's Motion for Summary Judgment (Dkt. 69) should be DENIED, that the claims against Defendant New Century Mortgage be dismissed without prejudice, and that Plaintiff shall take nothing by his remaining claims here.

### FACTUAL BACKGROUND

In this suit, Plaintiff has sued Defendants Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-1 ("Defendants Carrington and Deutsche Bank"), among other Defendants, for claims arising out of the conveyance of real property located in Denton County, Texas.

1

In July 2003, Chrystal Suswell, Plaintiff's now ex-wife, purchased the real estate and improvements located at 2307 Aberdeen Bend, Carrollton, Texas ("the Property"). Then, on January 11, 2005, Suswell executed a Warranty Deed conveying the Property to herself and her husband, Plaintiff T. William McIntyre. In conjunction with this conveyance, Plaintiff and Suswell each signed an Adjustable Rate Note and a Deed of Trust. The Note and Deed of Trust are dated January 7, 2005. The Deed of Trust was executed on January 11, 2005, the same day the Warranty Deed was executed. The Note does not indicate which day it was executed.

The Note requires Suswell and Plaintiff to pay Defendant New Century Mortgage Corporation ("New Century") $283,500 in principal, plus interest. The Deed of Trust provides New Century and its assigns with a lien on the Property to secure Suswell's and Plaintiff's obligations under the Note and Deed of Trust. Suswell, but not Plaintiff, is named as the Borrower on the first page of the Deed of Trust. However, both Plaintiff and Suswell signed the Deed of Trust as "Borrower" on the signature page above their typed names, and their signatures are notarized.

Effective July 17, 2008 – in conjunction with their divorce – Suswell conveyed her half interest in the Property to Plaintiff via a Special Warranty Deed. When Plaintiff was unable to make payments, Defendant Carrington, the servicer of the Note and Deed of Trust, allowed him to enter into a Loan Modification Agreement in September 2008. The Loan Modification Agreement capitalized Plaintiff's past debt and brought his debt current. Among other things, the Loan Modification Agreement provides:

> All covenants, agreements, stipulations, and conditions in your Note and Mortgage will remain in full force and effect, except as modified herein … .

2

Dkt. 70-9.  On March 29, 2010, New Century assigned its rights under the Deed of Trust to Deutsche

Bank via an Assignment of Deed of Trust that was filed of record.  *See* Dkt. 70-11.

According to Defendants, McIntyre defaulted on his obligations under the Loan Modification

Agreement and Deed of Trust in December 2008 and has remained in default since.  Plaintiff

contends that the Deed of Trust is unenforceable and Defendants' lien invalid because Plaintiff's

name is not typed on the first page of the Deed of Trust.  Plaintiff also claims that the Deed of Trust

has not been assigned to Deutsche Bank

In his Second Amended Complaint, Plaintiff asserts claims for violation of the Texas Debt

Collection Act and the Deceptive Trade Practices Act, and claims for breach of contract against

Defendants Carrington and Deutsche Bank.[1]  As to the Texas Debt Collection Act, Plaintiff alleges

that Defendants collected or attempted to collect interest or a charge, fee, or expense incidental to

the obligation when it was not expressly authorized by the agreement creating the obligation, that

Defendants misrepresented the character, extent, or amount of consumer debt, and that Defendants

used other false representations or deceptive means to collect a debt in violation of Texas Finance

Code §§ 392.303-304.  As to the Deceptive Trade Practices Act, Plaintiff alleges that Defendants

engaged in acts and/or practices that were false, misleading or deceptive by misrepresenting their

services as they relate to loan modification programs and by misrepresenting the quality of their

services and by imposing requirements not allowed by the loan modification programs as advertised

in violation of Texas Business and Commerce Code § 17.46.  As to his breach of contract claim,

Plaintiff claims that Defendants breached their contract with him by failing to properly convey to

---

[1]Plaintiff has asserted identical claims against Defendant New Century Mortgage.

3

him title to the subject Property.[2]  *See* Dkt. 52.

Defendants have filed a counterclaim against Plaintiff seeking a declaratory judgment that they may exercise whatever rights they have under Texas law to foreclose on the Property.

Defendant has now moved for summary judgment arguing that there are no issues of material fact as to Plaintiff's claims.  Plaintiff also filed – after the Court's deadline – a motion for summary judgment.  While Plaintiff has not made the showing of good cause usually required to take an action outside of the Court's deadlines, *see* FED. R. CIV. P. 16(b)(4), the Court notes that it originally denied a timely filed summary judgment motion by Plaintiff as premature.  Therefore, so as not to prejudice Plaintiff, the Court will consider whether Plaintiff's summary judgment evidence creates any issue of material fact as to his claims.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

---

[2]Plaintiff also asserts breach of contract claims and claims of fraud and violation of Art. 21.21 against Defendant Chicago Title Insurance Company, but those claims have been resolved. *See* Dkt. 63.

4

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).   In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).   The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).   The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).   Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655.   The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.   E.D. TEX. LOCAL R. CV-56(d).   Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

5

ANALYSIS

Defendants have submitted the following summary judgment evidence in support of their

argument that there is no genuine issue of material fact as to Plaintiff's claims

| Defendants' Exhibit 1: | 7/25/03 General Warranty Deed with Chrystal Suswell as Grantee (Plaintiff's Exhibit A, *see* Dkt. 70-4). |
|---|---|
| Defendants' Exhibit 2: | 1/11/05 Warranty Deed with Chrystal Elise Suswell-McIntyre and T. William McIntyre as Grantees (Plaintiff's Exhibit B, *see* Dkt. 70-5). |
| Defendants' Exhibit 3: | 1/7/05 Adjustable Rate Note signed by T. William McIntyre and Chrystal Elise Suswell-McIntyre as Borrowers (Plaintiff's Exhibit C, *see* Dkt. 70-6). |
| Defendants' Exhibit 4: | 1/7/05 Deed of Trust naming Chrystal Suswell as Borrower and signed by T. William McIntyre and Chrystal Elise Suswell-McIntyre as Borrowers (Plaintiff's Exhibit D, *see* Dkt. 70-7). |
| Defendants' Exhibit 5: | 9/5/08 Loan Modification Agreement between Carrington Mortgage Services and T. William McIntyre, signed by T. William McIntyre (Plaintiff's Exhibit F, *see* Dkt. 70-9). |
| Defendants' Exhibit 6: | Special Warranty Deed between Chrystal E. Suswell as Grantor and T. William McIntyre, dated 1/21/10 but noted to be effective 7/17/08 (Plaintiff's Exhibit G, *see* Dkt. 70-10). |
| Defendants' Exhibit 7: | 3/29/10 Assignment of Deed of Trust, assigning New Century's interest in 1/7/05 Deed of Trust to Deutsche Bank (Plaintiff's Exhibit H, *see* Dkt. 70-11). |
| Defendants' Exhibit 8: | 1/29/10 Affidavit of Carrington Mortgage Services, LLC, signed by Tom Croft, SVP of Carrington Mortgage Services, LLC (Plaintiff's Exhibit J, *see* Dkt. 70-13). |
| Defendants' Exhibit 9: | 9/15/10 Payoff Statement for 2307 Aberdeen Bend, |

6

Carrollton, Texas, listing T. William McIntyre as Mortgagor and Chrystal Elisa Suswell McIntyre as Co-Mortgagor  (Plaintiff's Exhibit K, *see* Dkt. 70-14).

Defendants' Exhibit 10:      1/7/09 Notice of Intent to Foreclose, addressed to T. William McIntyre, 2307 Aberdeen Bend, Carrollton, Texas (Plaintiff's Exhibit L, *see* Dkt. 70-15).

Defendants' Exhibit 11:      Affidavit of Peter C. Smart, attorney for Defendants Carrington and Deutsche

Defendants' Exhibit 12:      1/18/07 Limited Power of Attorney by New Century Mortgage Corporation authorizing Carrington Mortgage Services, LLC as its true and lawful attorney-in-fact

Defendants' Exhibit 13:      10/2/08 Limited Power of Attorney between Deutsche and Carrington as successor to New Century Mortgage Services

Defendants' Exhibit 14:      2/10/09 Action by Written Consent of the Managing Member of Carrington Mortgage Service, LLC

*See* Dkt. 59-1 – 59-14.

In addition to some of the same summary judgment evidence submitted by Defendants, Plaintiff has also submitted the following evidence for the Court's consideration:

Plaintiff's Tab 1:          Plaintiff's Original Complaint

Plaintiff's Tab 2:          Affidavit of T. William McIntyre, stating that the facts in his complaint are true to the best of his knowledge

Plaintiff's Exhibit E:      9/4/03 Marriage License between T. William McIntyre and Chrystal Elise Suswell

Plaintiff's Exhibit I:      10/11/10 Print out from NewCenturyMortgage.com

Plaintiff's Exhibit M:      4/2/07 New Century Mortgage Corporation Voluntary Bankruptcy Petition

Plaintiff's Exhibit N:      7/12/07 Joint Notice of Assignment Sale or Transfer of

|  | Servicing Rights, addressed to T. William McIntyre and Chrystal Elise Suswell McIntyre regarding transfer of servicing rights on loan from New Century to Carrington |
|---|---|
| Plaintiff's Exhibit O: | Notice of Acceleration of Maturity and Notice of Substitute Trustee's Sale for property located at 2307 Aberdeen Bend, sent to Chrystal Suswell, P.O. Box 117000, Carrollton, Texas, 75011 |
| Plaintiff's Exhibit P: | Second Notice of Acceleration of Maturity and Notice of Substitute Trustee's Sale for property located at 2307 Aberdeen Bend, sent to Chrystal Suswell, P.O. Box 117000, Carrollton, Texas, 75011 |
| Plaintiff's Exhibit Q: | Notice of Acceleration of Maturity and Notice of Substitute Trustee's Sale for property located at 2307 Aberdeen Bend, sent to T. William McIntyre, P.O. Box 117000, Carrollton, Texas, 75011 |
| Plaintiff's Exhibit R: | 3/30/05 Letter from Chicago Title Insurance Co. to New Century Mortgage Corporation regarding Mortgage Policy of Title Insurance for 2307 Aberdeen Bend, Carrollton, Texas 75007 |
| Plaintiff's Exhibit S: | Chicago Title Policy, effective 1/27/05, naming Chrystal Elise Suswell-McIntyre and T. William McIntyre as holders of interest in fee simple |
| Plaintiff's Exhibit T: | 1/7/05 HUD Settlement Statement for property at 2307 Aberdeen Bend, Carrollton, Texas, listing "T. William McInyre" and Chrystal Elise Suswell-McIntyre as Borrowers and New Century Mortgage as lender |

*See* Dkt. 70-1 – 23[3]

---

[3]*See also* Dkt. 69-1–69-25, the evidence attached to Plaintiff's Motion for Summary Judgment, containing the same documentary evidence as Plaintiff's response to the motion for summary judgment, but including a Table of Case Law & Authorities and Plaintiff's First Amended Complaint.  For purposes of clarity in this report, the Court will refer to the evidence attached to Plaintiff's Response to Defendants' Motion for Summary Judgment, unless otherwise noted.

Defendants argue that there is no genuine issue of material fact that the Deed of Trust is enforceable as to Plaintiff. The Court agrees.

Because the Deed of Trust affects only equitable title, *see e.g. Leighton v. Leighton*, 921 S.W.2d 365, 368 (Tex. App.–Houston [1st Dist.] 1996, no writ), and because there is no indication that the failure to include Plaintiff's name in the granting clause would affect such equitable title under Texas law, the Court finds it is enforceable here. *Magee v. Young*, 145 Tex. 485, 489, 198 S.W.2d 883, 885 (Tex. 1947) ("Clearly the parties intended that some effect by given the instrument and by treating it as an obligation to convey equity gives it effect."); *see also* Tex. Prop. Code § 5.002 ("An instrument intended as a conveyance of real property or an interest in real property that, because of this chapter, fails as a conveyance in whole or in part is enforceable to the extent permitted by law as a contract to convey the property or interest.").

The Court has reviewed the two Missouri opinions cited by the parties which appear to be most on point as to the facts here, *In re Suhrheinrich*, 2009 WL 3335027 (Bkrtcy. W.D. Mo. 2009) and *Ethridge v. TierOne Bank*, 226 S.W.3d 127 (Mo. 2007). While not governing authority, the Court does find them instructive. Notably, in this case, Plaintiff's name is listed as a "Borrower" on page 15 of the signed Deed of Trust. Dkt. 70-7. As in *In re Suhrheinrich*, the Court finds this is an indication that Plaintiff signed it with the intention to be a Borrower in the transaction. *In re Suhrheinrich*, 2009 WL 3335027 at 2.[4] The Court further finds this case distinguishable from the

---

[4]"First, the Court finds it significant that Barbara Suhrheinrich's name was typed below the line where her signature appears, alongside the preprinted word 'Borrower.' The presence of these notations on the DOT takes Barbara Suhrheinrich's signature beyond the mere 'signing, sealing, and acknowledging a deed by the wife in which her husband is the only grantor will not convey her estate' described in *Ethridge*—it is an indication that the DOT was drafted, and

9

*Ethridge* case relied upon by Plaintiff because, in that case, the deed of trust did not reference the wife or otherwise indicate that another individual was also a borrower or grantor. 226 S.W.3d at 132 ("in order to validly convey Mary's interest in the property, she must have been named as a grantor, who in this case is the individual defined as "Borrower" under the deed of trust."). Given the Texas Supreme Court's opinion in *Magee* and the statutory language of the Texas Property Code and the Missouri courts' opinions in *In re Suhrheinrich* and *Ethridge*, the Court finds that the naming of Plaintiff as a "Borrower" on the signature page, coupled with his signature, is sufficient to bind him to its terms.

Moreover, even if the Deed of Trust standing on its own were not enough, the Court finds that the totality of the documents in this case evidence a clear intent that Plaintiff was a Borrower in the real estate transaction. Notably, the Adjustable Rate Note – signed the same day as the Deed of Trust – names Plaintiff as Borrower, directly above his signature. *See* Dkt. 59-3. And the HUD Settlement Statement, also dated January 7, 2005 and included by *Plaintiff* in his summary judgment record, lists him as one of two Borrowers. *See* Dkt. 70-23.[5] Plaintiff is also listed along with Suswell-McIntyre on the January 2005 Title Insurance Policy. *See* Dkt. 70-22. All documents before the Court indicate that the 2005 mortgage loan transaction intended for Plaintiff and his ex-

---

Barbara Suhrheinrich signed it, with the intention that she be a grantor ('Borrower') under the DOT."

[5]The Court notes that Plaintiff's name is misspelled on this document but finds the misspelling inconsequential as it certainly put Plaintiff on notice that he and Suswell-McIntyre were being treated equally under the loan agreement. *See e.g. Harriman v. U.S.*, 1992 WL 193678, 4 (S.D. Tex. 1992) ("The mere fact that a full name is not given or that there is an addition, omission or substitution of letters in a name, or even errors, does not, in and of itself, invalidate a notice").

wife to both become obligated under the deed and note.

More importantly, even if the Court were to find that the omission of Plaintiff's name from the granting clause in the Deed of Trust had legal import, the loan's modification clearly binds him to the terms of the parties' original agreement.   In the September 2008 Loan Modification Agreement, Plaintiff alone specifically agreed to all covenants, agreements, stipulations set forth in the Note and Mortgage from January 2005.  *See* Dkt. 59-5.  There is no issue of material fact before the Court that would show that Plaintiff did not sign the agreement.  Because he signed it, its terms may be enforced against him.  *See* TEX. BUS. & COM. CODE § 26.01.

Therefore, as to Plaintiff's claims of breach of contract, Plaintiff has not shown that there is a genuine issue of material fact that Defendants breached the parties' agreement by failing to include his name as a Borrower on the first page of the Deed of Trust.   Moreover, having reviewed the record, the Court finds that there is no summary judgment evidence before it that would otherwise evidence a breach of the parties' agreement.  The record demonstrates the various assignments of rights under all of the legal documents at issue.  That New Century was involved in bankruptcy proceedings is irrelevant to Plaintiff's obligation to make payments on the loan.  Further, Plaintiff's own summary judgment evidence indicates that he received notice of the transfer from New Century to Carrington, that Carrington sent Plaintiff a Notice of Intent to Foreclose on the Property, with an opportunity to cure, and that he received a Notice of Acceleration of Maturity, with Notice of Substitute Trustee's Sale as to the Property.  *See* Dkts. 70-15; 70-17; 70-20.  And, Plaintiff has not offered any summary judgment evidence that would controvert the amounts listed as owed in Carrington's Payoff Statement, which he himself includes as summary judgment evidence.  *See* Dkt.

70-14

As to Plaintiff's claims under the Texas Debt Collection Act, Plaintiff has failed to offer any summary judgment evidence that would create a fact issue as to his claims that Defendants attempted to collect monies not expressly authorized by the parties' agreement, that Defendants misrepresented the character, extent, or amount of he owed on the home loan, or that Defendants used other false representations or deceptive means to collect the debt. Similarly, Plaintiff has failed to offer any summary judgment evidence that would create a genuine issue of material fact to show that Defendants engaged in acts and/or practices that were false, misleading or deceptive by misrepresented their services as they relate to loan modification programs or showing any misrepresentations by Defendants about the quality of their services or requirements imposed on the loan modification program, causing his DTPA claims to fail as well.

The Court also notes that Plaintiff has failed to offer any summary judgment evidence that he could be considered a consumer under the DTPA. To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...." TEX. BUS. & COM. CODE § 17.45(4). Construing the record in a light most favorable to Plaintiff, the loan and loan modification for Plaintiff's home form the basis of his DTPA claims. Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3(N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663

F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App.-Austin 1996, no writ).  However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer.  *Knight v. Int.'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB,* 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA).  Plaintiff has simply not shown a genuine issue of material fact to show his loan or loan modification were inextricably intertwined in the purchase or lease of a good or service.

Finally, the Court notes that, although the it has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiff could create a genuine issue of material fact as to each element of his claims.  *See* E.D. Tex. L. R. CV-56(d).  It is Plaintiff's burden to make specific citations to the summary judgment record.  *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.  Plaintiff has not cited consistently to the summary judgment record in his motion or response, and general and sporadic references to the summary judgment record are not enough.  *See* E. D. Tex L.R. CV-56(d) (stating that summary judgment

citations should be referred to by page and, if possible, by line of the summary judgment evidence).[6]

Plaintiff is required to show *how* the evidence creates an issue of material fact by citing to specific

portions of the record.  He has not done so here.

Nonetheless, while it is not the Court's burden to do so, the Court has reviewed the summary

judgment evidence record in its entirety and finds that Plaintiff shall take nothing by any of his

claims against Defendants Carrington and Deutsche Bank here.

As to the claims against Defendant New Century, which are identical to those asserted against

Defendants Carrington and Deutsche Bank, the Court finds that they should also be dismissed.  Rule

4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Defendant New Century was not served within 120 days of filing the suit in

accordance with Federal Rule of Civil Procedure 4(m) – but more than a year and a half later – and

Defendant was purportedly served only after the Court notified Plaintiff of the pending dismissal of

the claims against it.   While he did request summons upon filing his suit in state court, Plaintiff did

---

[6]*See also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas,* 136 F.3d at 458; *Stults,* 76 F.3d at 657; *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Skotak,* 953 F.2d at 916 n. 7; *see also Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

not request summons for Defendant in this District until November 23, 2011 – 505 days after it was removed to this Court.  *See* Dkt. 80.  In his verified petition, Plaintiff claims that he "needed time to investigate this matter with the Denton County District Clerk and Process Servicer as to the details of a return of service or no return of service."  *See* Dkt. 66.

Plaintiff's verified petition does not set forth good cause in failing to serve Defendant timely. Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules.  *See System Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990).  The plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules.  *Id.*  He simply waited too long in this case.

Even had Plaintiff pursued his claims against New Century, the Court finds that allowing them to proceed would be futile since the summary judgment record creates no fact issue as to Plaintiffs' claims for breach of contract and violation of the Texas Debt Collection Act and the Deceptive Trade Practices Act.   Further, Plaintiff has not filed any pretrial materials as to this Defendant, Defendant has not appeared in the suit, and Defendant appears to be a bankrupt entity. Because it was not served within a reasonable time, all claims against it should be dismissed without prejudice.

Finally, the Court turns to the only other issue in this case – Defendants' request that the Court declare that Defendants may exercise whatever rights they have under Texas law to foreclose on the Property.  *See* Dkt. 53.

15

Under the Declaratory Judgments Act:

In a case of actual controversy within its jurisdiction..., any court of the United States, upon the filing of an appropriate pleadings, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a); *see also* FEDERAL RULE OF CIVIL PROCEDURE 57.

According to the Fifth Circuit, a declaratory judgment is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Concise Oil & Gas P'ship v. Louisiana Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993) (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 2759 at 647-48).  The grant of declaratory judgment is wholly within this Court's discretion. *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 569 (5th Cir. 2005) ("28 U.S.C. § 2201 says that a district court 'may' declare the rights and other legal relations of any interested parties."

The Court has found herein that the Deed of Trust is enforceable as to Plaintiff, however, to the extent Defendants seek more in their counterclaim, the Court declines to delve into the state court areas of foreclosure and the parties' respective rights therein and the remainder of the counterclaim should dismissed without prejudice to Defendants to seeking relief from an appropriate state court.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

16

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

17